**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**JOSEPH DARVIE,**

                      **Plaintiff,**                  **No. 08-CV-715
                                                                             (GLS/GHL)**

                          **v.**

**M. COUNTRYMAN, C.O.;
K. SIMMONS, LT.;
J. COLEMAN, CAPTAIN;
P. HEALY, D.S.S.; AND
WILLIAM BROWN, SUPERINTENDENT,**

                      **Defendants.**
_____

**APPEARANCES:**

JOSEPH DARVIE
94-A-0560
*Pro Se*
Green Haven Correctional Facility
P.O. Box 4000
Stormville, New York 12582

**Gary L. Sharpe
U.S. District Judge**

## DECISION AND ORDER

      The above-captioned matter comes to this court following a Report

and Recommendation ("R&R") by Magistrate Judge George H. Lowe, filed

August 11, 2008. (Dkt. No. 13.)[1] The R&R recommends, among other things, that this court sua sponte dismiss pro se plaintiff Joseph Darvie's ("Darvie") Amended Complaint except as to Darvie's allegations under the Equal Protection Clause of the Fourteenth Amendment and the Americans with Disabilities Act. Pending is Darvie's Motion for Reconsideration, which the Court has construed, liberally, as an objection (the "Objection") to the R&R. (Dkt. No. 17).[2]

As this court has previously observed, before entering final judgment, the court reviews an R&R in cases it has referred to a Magistrate Judge. *See Anderson v. Banks*, No. 06-cv-0625, 2008 WL 3285917, at *1 (N.D.N.Y. Aug. 7, 2008). When a party objects to specific elements of the Magistrate Judge's findings and recommendations, the court conducts a de

---

[1] The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed.

[2] The Magistrate Judge filed an R&R on July 10, 2008 and this court accepted it in its entirety on August 7, 2008. See Dkt. No. 7. On that same date, the plaintiff filed an Amended Complaint. See Dkt. No. 9. As a result of the Amended Complaint, this court rescinded its previous order adopting the Magistrate Judge's R&R of July 10, 2008. The Magistrate filed a second R&R, currently under this court's review, on August 11, 2008. Darvie then filed an objection/petition on August 18, 2008. See Dkt. No. 14. Darvie indicates this document, although filed after the Magistrate Judge's second R&R, is really in reference to the Magistrate Judge's first R&R. See Dkt. No. 14. Because the court has rescinded the Magistrate Judge's first R&R, that objection/petition is now moot. However, on August 21, 2008, Darvie also filed a second Amended Complaint, which was stricken by the court. See Dkt. Nos. 15 and 16. Darvie, in a motion for reconsideration, claims his second Amended Complaint is essentially an objection to the Magistrate Judge's second R&R. See Dkt. No. 17. Accordingly, this court grants Darvie's motion for reconsideration, and will construe Darvie's second Amended Complaint, Dkt. No. 15, as an objection to the pending R&R.

novo review of those findings and recommendations.  *See Id.*  However, where a party has filed no objection, or only a vague or general objection, the court reviews the findings and recommendations for clear error.  *See Id.*

Darvie's objections, though somewhat vague, clearly indicate he disagrees with the Magistrate Judge's R&R.   However, Darvie's objections do not indicate how they could change the Magistrate Judge's determinations that Darvie's claims– with the exception of those under the Equal Protection Clause of the Fourteenth Amendment and the Americans with Disabilities Act– should be dismissed.

Darvie asserts the Magistrate incorrectly stated the time span in which Darvie accumulated his misbehavior reports.  (Dtk. No. 15. at pp. 2 and 3)  He also asserts that the defendants caused him "suffering through disciplinary sanctions and transfer," and that the transfer deprived him of liberty and property, and that it could have deprived him of life.  (Id.)

However, none of these assertions or objections are enough to overturn the Magistrate Judge's determination that Darvie failed to state a violation of his due process rights.  Thus, these objections are overruled.  As the Magistrate Judge correctly noted, "[t]he issuance of false

3

misbehavior reports and provision of false testimony against an inmate by corrections officers is insufficient on its own to establish a denial of due process." *See Mitchell v. Senkowski,* 158 F.App'x. 346, 349 (2d Cir. 2005) (citations omitted). "Rather, such action violates due process only where either procedural protections were denied that would have allowed the inmate to expose the falsity of the evidence against him or where the fabrication of evidence was motivated by a desire to retaliate for the inmate's exercise of his substantive constitutional rights." *Id.* Likewise, "[i]t is well established that the transfer of a prisoner from one institution to another does not invoke the protection of the Due Process Clause." *Meriwether v. Coughlin,* 879 F.2d 1037, 1047 (2d Cir. 1989). Here, Darvie has simply not alleged any "constitutionally impermissible official motive" as the basis for his transfer. *Id.* Thus, Darvie's allegations based on his transfer are also insufficient to raise a due process violation.

Darvie states other objections to the Magistrate Judge's R&R. The court, however, notes that these objections attempt to support his claims under the Equal Protection Clause of the Fourteenth Amendment and the Americans with Disabilities Act. (Dkt. No. 15 at p. 3.) The Magistrate Judge clearly recommended not to dismiss these claims at this time.

4

Accordingly, the court will not dismiss such claims.

Upon de novo review of the instant matter, the court determines that the Magistrate Judge's findings are supported by the record and the law. Accordingly, the court approves and adopts the R&R in its entirety.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Lowe's August 11, 2008 R&R is adopted in its entirety and the objections thereto are overruled; and it is further

**ORDERED** that Darvie's complaint is *sua sponte* dismissed except as to his claims under the Equal Protection Clause of the Fourteenth Amendment and the Americans with Disabilities Act; and it is further

**ORDERED** that the Clerk provide copies of this Decision and Order to the parties.

**IT IS SO ORDERED.**

Albany, New York
Dated: January 21, 2009

*[signature]*
United States District Court Judge

5