UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOSEPH DARVIE,

                                    Plaintiff,

                                                        9:08-CV-0715
v.                                                      (GLS/GHL)

M. COUNTRYMAN, K. SIMMONS,
J. COLEMAN, P. HEALY, WILLIAM
BROWN,

                                    Defendants.
_____

APPEARANCES:                                OF COUNSEL:

JOSEPH DARVIE, 94-A-0560
Plaintiff *pro se*
Green Haven Correctional Facility
P.O. Box 4000
Stormville, New York 12582

HON. ANDREW M. CUOMO                         DAVID L. COCHRAN, ESQ.
Attorney General for the State of New York
  Counsel for Defendants
The Capitol
Albany, New York 12224

GEORGE H. LOWE, United States Magistrate Judge

## <u>REPORT-RECOMMENDATION</u>

        This *pro se* prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has

been referred to me for Report and Recommendation by the Honorable Gary L. Sharpe, United

States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).  Plaintiff Joseph

Darvie alleges that five employees of the New York Department of Correctional Services

("DOCS") at Eastern Correctional Facility ("Eastern") violated his rights under the Americans

with Disabilities Act ("ADA") and the Equal Protection Clause.[1]  (Am. Compl., Dkt. No. 9.)
Currently pending before the Court is Defendants' motion for summary judgment pursuant to
Federal Rule of Civil Procedure 56.  (Dkt. No. 62.)  Plaintiff has opposed the motion.  (Dkt. No.
63.)  For the reasons that follow, I recommend that Defendants' motion be granted.

## I.   FACTUAL AND PROCEDURAL SUMMARY

The amended complaint alleges that on November 29, 2005, Defendant Correctional
Officer M. Countryman wrongfully refused to let Plaintiff use a "block shower" despite knowing
of his possession of a medical permit authorizing him to use that shower due to his affliction with
multiple sclerosis.  (Dkt. No. 9 ¶¶ 2, 3, 8, 11.)  As a result of this encounter,  Defendant
Countryman issued Plaintiff a misbehavior report charging him with refusing a direct order and
committing a movement violation.  (Dkt. No. 9 ¶¶ 2, 5, 10, 22 (incorporating by reference Dkt.
No. 1 at 78).)

Plaintiff alleges that at the disciplinary hearing on the misbehavior report, Defendant Lt.
K. Simmons "allotted [only] fourteen (14) minutes total time for [Plaintiff to defend himself] at
the hearing," disregarded Plaintiff's documentary evidence, and denied Plaintiff's request for a
neurologist to testify on the purported ground that the "[w]itness was not present at [the] time of
the incident."  (Dkt. No. 9, ¶¶ 2, 5, 6, 9, 10 (incorporating by reference Dkt. No. 1 at 34, 83-85).)
Defendant Simmons found Plaintiff guilty of the disciplinary charges and sentenced him to forty-
four days of keep-lock confinement and the loss of all privileges.  This sentence was later
modified to thirty days by a correctional officer at another correctional facility.  (Dkt. No. 9 ¶¶ 4,

---

[1]     Plaintiff's amended complaint also alleged that Defendants violated his rights
under the Eighth Amendment and the Due Process Clause.  This Court dismissed those claims
*sua sponte* upon initial review of the amended complaint.  (Dkt. Nos. 13, 19.)

6 (incorporating by reference Dkt. No. 1 at 83, 85.))  Plaintiff alleges that the disciplinary

conviction caused Plaintiff to lose the ability to "participate in [prison] programs to [obtain] a

[reasonable] chance at parole."  (Dkt. No. 9 ¶¶ 4, 8, 11, 12.)

Plaintiff challenged his disciplinary conviction in an Article 78 proceeding in state court.

After twelve months, "the state attorney general's office 'cried uncle' . . . by having a

Superintendent reverse" Defendant Simmons' disciplinary disposition.  (Dkt. No. 9 ¶ 8.)

Plaintiff alleges that between November 16, 2005, and December 7, 2005, Defendants

Brown, Coleman, and Healy wrongfully failed to prevent or rectify the above-alleged misconduct

after being informed of it.  (Dkt. No. 9 ¶ 2 (incorporating by reference Dkt. No. 1 at 80, 81, 84).)

Plaintiff further alleges that on or about December 16, 2005, Defendants wrongfully

"abused [the prison's] disciplinary procedures" by knowingly using those procedures to cause him

to be transferred from Eastern to Clinton Correctional Facility because he "could not walk fast

enough or well enough to defendant's satisfaction."  (Dkt. No. 9 ¶¶ 2, 5, 10 (incorporating by

reference Dkt. No. 1 at 22, 36).)

Plaintiff alleges that during an unspecified time period, Defendants "procrastinate[d] [for

more than one year] in approving treatments [and proper medical examinations] that [would have

been beneficial to Plaintiff, specifically his referral to a neurologist], stating that such treatments

are not FDA approved."  (Dkt. No. 9 ¶ 3.)

On January 22, 2009, this Court *sua sponte* dismissed Plaintiff's Eighth Amendment and

procedural due process claims, ruling that only Plaintiff's equal protection and ADA claims

should survive initial review.  (Dkt. No. 19.)  Defendants now move for summary judgment of

the surviving claims.  (Dkt. No. 62.)  Plaintiff has opposed the motion.  (Dkt. No. 63.)

## II.     APPLICABLE LEGAL STANDARDS

### A.     Legal Standard Governing Motions for Summary Judgment

Under Federal Rule of Civil Procedure 56, summary judgment is warranted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment bears the initial burden of showing, through the production of admissible evidence, that no genuine issue of material fact exists. *Major League Baseball Properties, Inc. v. Salvino, Inc.*, 542 F.3d 290, 309 (2d Cir. 2008). Only after the moving party has met this burden is the non-moving party required to produce evidence demonstrating that genuine issues of material fact exist. *Salahuddin v. Goord*, 467 F.3d 263, 272-73 (2d Cir. 2006). The nonmoving party must do more than "rest upon the mere allegations . . . of the [plaintiff's] pleading" or "simply show that there is some metaphysical doubt as to the material facts."[2] Rather, "[a] dispute regarding a material fact is *genuine* if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3] In determining whether a genuine issue of material[4] fact exists, the Court must resolve all ambiguities and draw all reasonable inferences against the

---

[2]     *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 575, 585-86 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *see also* Fed. R. Civ. P. 56(e) ("When a motion for summary judgment is made [by a defendant] and supported as provided in this rule, the [plaintiff] may not rest upon the mere allegations . . . of the [plaintiff's] pleading . . . .").

[3]     *Ross v. McGinnis*, No. 00-CV-0275, 2004 WL 1125177, at *8 (W.D.N.Y. Mar. 29, 2004) (internal quotations omitted) (emphasis added).

[4]     A fact is "material" only if it would have some effect on the outcome of the suit. *Anderson*, 477 U.S. at 248.

moving party.[5]

**B.    Legal Standard Governing Motion to Dismiss for Failure to State a Claim**

To the extent that a defendant's motion for summary judgment under Federal Rule of Civil Procedure 56 is based entirely on the allegations of the plaintiff's complaint, such a motion is functionally the same as a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  As a result, "[w]here appropriate, a trial judge may dismiss for failure to state a cause of action upon motion for summary judgment."  *Schwartz v. Compagnise General Transatlantique*, 405 F.2d 270, 273 (2d Cir. 1968) [citations omitted]; *accord*, *Katz v. Molic*, 128 F.R.D. 35, 37-38 (S.D.N.Y. 1989) ("This Court finds that . . . a conversion [of a Rule 56 summary judgment motion to a Rule 12(b)(6) motion to dismiss the complaint] is proper with or without notice to the parties.").  Accordingly, it is appropriate to summarize the legal standard governing Federal Rule of Civil Procedure 12(b)(6) motions to dismiss.

A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) on the ground that the complaint fails to state a claim upon which relief can be granted.  In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added).  "Determining whether

---

[5]      *Schwapp v. Town of Avon*, 118 F.3d 106, 110 (2d Cir. 1997) [citation omitted]; *Thompson v. Gjivoje*, 896 F.2d 716, 720 (2d Cir. 1990) [citation omitted].

a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial

experience and common sense . . . [W]here the well-pleaded facts do not permit the court to infer

more than the mere possibility of misconduct, the complaint has alleged - but it has not shown -

that the pleader is entitled to relief." *Id.* at 1950 (internal citation and punctuation omitted).

"In reviewing a complaint for dismissal under Rule 12(b)(6), the court must accept the

material facts alleged in the complaint as true and construe all reasonable inferences in the

plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted).

Courts are "obligated to construe a *pro se* complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72

(2d Cir. 2009).  However, "the tenet that a court must accept as true all of the allegations

contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements

of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct.

at 1949.

## III.    ANALYSIS

### A.    Equal Protection Clause

Defendants argue that Plaintiff has failed to state an equal protection claim.  (Dkt. No. 62-

5 at 4-5.)  Defendants are correct.

The Equal Protection Clause requires the government to treat all similarly situated people

alike.  *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).  Specifically, the

Equal Protection Clause "bars the government from selective adverse treatment of individuals

compared with other similarly situated individuals if 'such selective treatment was based on

impermissible considerations such as race, religion, intent to inhibit or punish the exercise of

constitutional rights, or malicious or bad faith intent to injure a person.'" *Bizzarro v. Miranda*,

394 F.3d 82, 86 (2d Cir. 2005) (quoting *LeClair v. Saunders*, 627 F.2d 606, 609-10 (2d Cir.

1980)).  "To prove a violation of the Equal Protection Clause . . . a plaintiff must demonstrate

that he was treated differently than others similarly situated *as a result of intentional or*

*purposeful discrimination*." *Phillips v. Girdich*, 408 F.3d 124, 129 (2d Cir. 2005) (emphasis

added).  Conclusory allegations of disparate treatment or a plaintiff's personal belief of

discriminatory intent are insufficient to plead a valid equal protection claim.  *Nash v. McGinnis*,

585 F. Supp. 2d 455, 462 (W.D.N.Y. 2008).

      In the alternative to alleging membership in a suspect class, a plaintiff may state a claim

for an equal protection violation under a "class of one" theory.  *Assoko v. City of New York*, 539

F. Supp. 2d 728, 734-35 (S.D.N.Y. 2008).  In order to state such a claim, a plaintiff must allege

(1) that he was intentionally treated differently from other similarly situated individuals; and (2)

that the disparate treatment was either (a) "irrational and wholly arbitrary" or (b) motivated by

animus.[6]  *Id.* at 735.

      Here, Plaintiff alleges that Defendant Countryman refused to allow him to shower in a

location for which he had a medical pass and then issued a misbehavior report when Plaintiff

insisted that he had the right to shower there.  Plaintiff has alleged (and exhibits to the original

complaint show) that the disciplinary disposition finding him guilty of Defendant Countryman's

---

    [6]     The standard for proving a "class of one" case becomes much more stringent after
a case proceeds beyond the pleading stage.  After the pleading stage, a plaintiff must show that
"no rational person could regard the circumstances of the plaintiff to differ from those of a
comparator to a degree that would justify the differential treatment on the basis of a legitimate
government policy; and [that] the similarity in circumstances and difference in treatment are
sufficient to exclude the possibility that the defendant acted on the basis of a mistake."  *Nielson
v. D'Angelis*, 409 F.3d 100, 105 (2d Cir. 2005) *overruled to extent that it allows a class of one
claim by a public employee by Appel v. Spiridon*, 531 F.3d 138 (2d Cir. 2008).  *See, e.g., Cohn v.
New Paltz Cent. School Dist.*, 171 F. App'x 877 (2d Cir. 2006).

charges was eventually reversed and expunged from his record.  (Dkt. No. 9 ¶ 8, Dkt. No. 1 at

90-91.)  Plaintiff alleges that he received more misbehavior reports at Eastern than he received at

other facilities, "which undisputively (sic) shows the pattern of discrimination [P]laintiff

suffered."  (Dkt. No. 9 ¶ 22.)  However, Plaintiff has not alleged facts plausibly suggesting or

produced any evidence raising a triable issue of fact that Defendant Countryman's actions were

arbitrary, motivated by animus, or motivated by impermissible considerations such as race,

religion, or the intent to inhibit or punish the exercise of constitutional rights.  Plaintiff has not

alleged that Defendant Simmons' alleged denial of due process at Plaintiff's disciplinary hearing

was arbitrary, motivated by animus, or motivated by impermissible considerations such as race,

religion, or the intent to inhibit or punish the exercise of constitutional rights.  Plaintiff has not

alleged facts plausibly suggesting or produced evidence raising a triable issue of fact that

Defendants' decision to transfer him was arbitrary, motivated by animus, or motivated by

impermissible considerations such as race, religion, or the intent to inhibit or punish the exercise

of constitutional rights.  Therefore, I recommend that the Court grant Defendants' motion and

dismiss Plaintiff's equal protection claim.

    **B.    ADA**

    Defendants argue that the Court should dismiss Plaintiff's ADA claims because "courts in

this Circuit have repeatedly held that liability under the ADA . . . lies only against the State, and

individual liability is therefore foreclosed."  (Dkt. No. 62-5 at 6.)  In addition, Defendants argue

that Plaintiff's ADA claim must be dismissed because this Court has already ruled that Plaintiff

failed to state an Eighth Amendment claim.  (Dkt. No. 62-5 at 7.)  Defendants are correct.

    Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12131 *et seq*.

("ADA") applies to inmates in state prison. *See Georgia v. Goodman*, 546 U.S. 151, 153-60 (2006) (reversing decision that paraplegic prisoner had not stated claim under Title II of the ADA). In order to state a claim of disability discrimination under Title II of the ADA, a plaintiff must allege facts plausibly suggesting the existence of three elements: (1) he is a qualified individual with a disability; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs or activities or was otherwise discriminated against by the public entity; and (3) such exclusion, denial or discrimination was by reason of his disability. *Goonewardena v. New York*, 475 F. Supp.2d 310, 324 (S.D.N.Y. 2007). The ADA does not provide for individual liability. *Herzog v. McLane Northeast, Inc.*, 999 F. Supp. 274, 276 (N.D.N.Y. 1998) (Scullin, J.). A prisoner may sue a public agency or an officer in his official capacity for violating the ADA, but only if the conduct complained of also violates the Eighth Amendment. *Degrafinreid v. Ricks*, 417 F. Supp. 2d 403, 411-13 (S.D.N.Y. 2006).

Here, Plaintiff has sued Defendants in their individual and official capacities. (Dkt. No. 9 ¶ 14.) The claims against Defendants in their individual capacities are not authorized under the ADA. The claims against Defendants in their official capacities are subject to dismissal because, as discussed above, this Court has already determined that Plaintiff has failed to state an Eighth Amendment claim and dismissed any such claims *sua sponte*. (Dkt. No. 19.) Therefore, I recommend that the Court grant Defendants' motion and dismiss Plaintiff's ADA claims.

### C.     Personal Involvement

Defendants argue that the Court should dismiss any claims against Defendants Healy, Brown, Simmons, and Coleman because they were not personally involved in any alleged constitutional or statutory violation. (Dkt. No. 62-5 at -6.)

9

"'[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 886 (2d Cir. 1991)).[7]  In order to prevail on a cause of action under 42 U.S.C. § 1983 against an individual, a plaintiff must show some tangible connection between the unlawful conduct and the defendant.[8]  If the defendant is a supervisory official, a mere "linkage" to the unlawful conduct through "the prison chain of command" (i.e., under the doctrine of *respondeat superior*) is insufficient to show his or her personal involvement in that unlawful conduct.[9]  In other words, supervisory officials may not be held liable merely because they held a position of authority.[10]  Rather, supervisory personnel may be considered "personally involved" if they (1) directly participated in the violation, (2) failed to remedy that violation after learning of it through a report or appeal, (3) created, or allowed to continue, a policy or custom under which the violation occurred, (4) had been grossly negligent in managing subordinates who caused the violation, or (5) exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that the violation was occurring. *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995).[11]

---

[7]     *Accord*, *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977), *cert. denied*, 434 U.S. 1087 (1978); *Gill v. Mooney*, 824 F.2d 192, 196 (2d Cir. 1987).

[8]     *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986).

[9]     *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003); *Wright*, 21 F.3d at 501; *Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir. 1985).

[10]     *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996).

[11]     The Supreme Court's decision in *Ashcroft v. Iqbal*, __ U.S. ___, 129 S. Ct. 1937 (2009) arguably casts in doubt the continued viability of some of the categories set forth in

Here, the individual Defendants are not liable because, as discussed above, Plaintiff has not plausibly alleged or raised a triable issue of material fact that any constitutional or statutory violation occurred.  Even if Plaintiff had stated a claim, however, I would recommend that any claims against Defendants Brown and Healy be dismissed for lack of personal involvement.[12]

The amended complaint alleges that Defendant Brown violated Plaintiff's constitutional rights by failing to respond to Plaintiff's letter to him, despite Plaintiff personally speaking to him about the matter.  (Dkt. No. 9 ¶ 2.)  A prisoner's allegation that a supervisory official failed to respond to a grievance is insufficient to establish that the official "failed to remedy that violation after learning of it through a report or appeal" or "exhibited deliberate indifference . . . by failing to act on information indicating that the violation was occurring."  *Rivera v. Goord*,

---

*Colon*.  *See Sash v. United States*, ___ F. Supp. 2d ___, No. 08-CV-116580, 2009 U.S. Dist. LEXIS 116580, 2009 WL 4824669, at*10-11 (S.D.N.Y. Dec. 15, 2009).  However, without precedential guidance from the Second Circuit or this District, this Court is persuaded that here, where Plaintiff's claim is based upon deliberate indifference, the *Colon* categories apply.

[12]     If Plaintiff's equal protection or ADA claims had survived summary judgment, I would have been inclined to find that Defendant Coleman was sufficiently personally involved to remain in the case.  The amended complaint incorporates by reference two letters from Defendant Coleman.  (Dkt. No. 9 ¶ 2.)  In the first letter, Defendant Coleman stated that Plaintiff's letter of complaint to Defendant Brown had been forwarded to him for investigation.  Defendant Coleman stated that he planned to await the outcome of Plaintiff's disciplinary hearing before taking further action.  (Dkt. No. 1 at 41, 80.)  After this, Plaintiff wrote to Defendant Coleman asking that he be moved to a different part of the facility where his medical permit would be honored.  (Dkt. No. 1 at 82.)  Several weeks later, Defendant Coleman wrote to Plaintiff again and stated that "[b]ased upon your past disciplinary record, there will be no modification of the disposition. I suggest that you abide by the rules and regulations and avoid any disciplinary problems in the future."  (Dkt. No. 1 at 81.)  Plaintiff testified at his deposition that he sued Defendant Coleman because he did not correct the situation when Plaintiff informed him that "[t]hey were denying showers . . . arbitrarily."  (Dkt. No. 62-3 at 16:3-19.)  If Plaintiff had sufficiently alleged that the denial of showers violated the Equal Protection Clause or the ADA, he would have had a colorable argument that Defendant Coleman failed to remedy the violation after learning of it through a report or appeal.

11

119 F. Supp. 2d 327, 344-45 (S.D.N.Y. 2000).  *See also Watson v. McGinnis,* 964 F. Supp. 127,

130 (S.D.N.Y. 1997) ("The law is clear that allegations that an official ignored a prisoner's letter

are insufficient to establish liability.").  Therefore, I recommend that the Court grant Defendants'

motion and dismiss Defendant Brown from the action for lack of personal involvement.

Plaintiff alleges that Defendant Healy violated his rights by affirming Defendant

Simmons' disciplinary hearing disposition.  (Dkt. No. 9 ¶ 2; Dkt. No. 1 at 84.)  The affirming of

a disciplinary conviction does not constitute personal involvement in a constitutional violation.

*Joyner v. Greiner,* 195 F. Supp. 2d 500, 506 (S.D.N.Y. 2002).  Therefore, I recommend that the

Court dismiss the action against Defendant Healy.

**ACCORDINGLY**, it is

**RECOMMENDED** that Defendants' motion for summary judgment (Dkt. No. 62) be

**GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file

written objections to the foregoing report.  Such objections shall be filed with the Clerk of the

Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL**

**PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing

*Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72, 6(a).


Dated: April 26, 2010
   Syracuse, New York

             George H. Lowe
             United States Magistrate Judge