**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**JOSEPH DARVIE,**

                **Plaintiff,**            9:08-cv-715
                                                (GLS/GHL)

       v.

**M. COUNTRYMAN; K. SIMMONS;
J. COLEMAN; P. HEALY;** and **WILLIAM
BROWN,**

                **Defendants.**
_____

**APPEARANCES:**                      **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Joseph Darvie
Pro Se
94-A-0560
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

**FOR THE DEFENDANTS:**
HON. ANDREW M. CUOMO        DAVID L. COCHRAN
New York State Attorney General   Assistant Attorney General
The Capitol
Albany, NY 12224

**Gary L. Sharpe
District Court Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Pro se plaintiff Joseph Darvie, an inmate at Green Haven Correctional Facility, brings this action under the Americans with Disabilities Act (ADA)[1] and 42 U.S.C. § 1983, alleging violations of his statutory and constitutional rights. (*See* Am. Compl., Dkt. No. 9.) On January 22, 2010, defendants New York State Department of Corrections employees M. Countryman, K. Simmons, J. Coleman, P. Healy, and William Brown moved for summary judgment on Darvie's claims. (Dkt. No. 62.) In a Report-Recommendation Order (R&R) filed April 26, 2010, Magistrate Judge George H. Lowe recommended that defendants' motion be granted and that Darvie's claims be dismissed.[2] (Dkt. No. 67.) Pending are Darvie's objections to the R&R. (Dkt. No. 69.) For the reasons that follow, the R&R is adopted in its entirety.

## II. Standard of Review

Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge.

---

[1] 42 U.S.C. § 12101, *et seq.*

[2] The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed.

2

If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations de novo. *See Almonte v. N.Y. State Div. of Parole*, No. 04-cv-484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and recommendations of a magistrate judge for clear error. *See id.*

### III. Discussion

**A.     Equal Protection Claims**

Darvie's objections consist largely of a word-for-word restatement of his amended complaint. (*Compare* Pl. Objections 11-13, Dkt. No. 69, *with* Am. Compl. ¶¶ 14-19, Dkt. No. 9.) And although Darvie refers to the Equal Protection Clause only in passing, the court will review de novo Judge Lowe's recommended dismissal of Darvie's equal protection claims.

To make out an equal protection claim under the Fourteenth Amendment, a plaintiff must allege that "(1) [he], compared with others similarly situated, was selectively treated; and (2) that such selective treatment was based on impermissible considerations such as race, religion, [disability,] intent to inhibit or punish the exercise of constitutional

3

rights, or malicious or bad faith intent to injure a person." *LeClair v. Saunders*, 627 F.2d 606, 609-10 (2d Cir.1980) (citation omitted).  Thus, "[t]o prove a violation of the Equal Protection Clause ... a plaintiff must demonstrate that he was treated differently than others similarly situated as a result of intentional or purposeful discrimination." *Phillips v. Girdich*, 408 F.3d 124, 129 (2d Cir. 2005).  Or, where a plaintiff proceeds as a "class of one,"  he must allege that he has "been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."  *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam) (citations omitted).  Accordingly, to prevail on a "class of one" claim, a plaintiff must allege either that the disparate treatment was motivated by personal animus or was irrational and wholly arbitrary.  *Harlen Assocs. v. Inc. Vill. of Mineola*, 273 F.3d 494, 500 (2d Cir. 2001). Importantly though, "[c]onclusory allegations of disparate treatment or plaintiff's personal belief of discriminatory intent is insufficient."  *Nash v. McGinnis*, 585 F. Supp. 2d 455, 462 (W.D.N.Y. 2008) (internal quotation marks and citations omitted).

Here, as outlined by Judge Lowe, (*see* R&R at 7-8, Dkt. No. 67), Darvie has failed to allege any basis for an equal protection claim.  None of

4

the allegations made or evidence submitted suggest—explicitly or implicitly—that defendants acted arbitrarily or with discriminatory or other impermissible animus in refusing him use of the block shower, in issuing a misbehavior report, in conducting and reviewing the disciplinary proceedings, or in transferring him.  (*See* Am. Compl. ¶¶ 4, 7, 18-20, 22, Dkt. No. 9.)  Nor has Darvie identified a set of similarly situated individuals who received dissimilar treatment.  Instead, Darvie offers legal argument, disconnected facts, and conjecture.  Therefore, the court dismisses Darvie's equal protection claims.

## B.     ADA Claims

As to Judge Lowe's recommended dismissal of his ADA claims against the individual defendants, Darvie argues issues of liability and immunity under the ADA.  (*See* Pl. Objections at 13-14, Dkt. No. 69.)  However, notwithstanding Darvie's accurate assertion that the State is not immune from liability under the ADA, the ADA does not provide for liability of a defendant in his individual capacity.  *See Spiegel v. Schulmann*, 604 F.3d 72, 79-80 (2d Cir. 2010).  And while an individual defendant may be held liable in his official capacity, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), Judge Lowe correctly determined that Darvie, as a state

5

prisoner, could not maintain a private cause of action under the ADA against any of the defendants in their official capacities since he failed to state an Eighth Amendment or otherwise viable constitutional violation, (*see* R&R at 9, Dkt. No. 67 (citing *United States v. Georgia*, 546 U.S. 151, 153-160 (2006), and *Degrafinreid v. Ricks*, 417 F. Supp. 2d 403, 411-13 (S.D.N.Y. 2006)); *see also* Jan. 22, 2009 Decision & Order, Dkt. No. 19 (adopting recommended dismissal of Darvie's Eighth Amendment and due process claims)). Accordingly, the court adopts Judge Lowe's recommendations and dismisses Darvie's ADA claims against the defendants in their individual and official capacities.

## C.    **Personal Involvement**

In response to Judge Lowe's finding that Darvie failed to allege defendants Brown and Healy's personal involvement—a finding which is no longer of any moment—Darvie realleges the same insufficient conduct by Brown and Healy, namely that Healy affirmed the disciplinary hearing decision and Brown received a grievance letter from Darvie. (Pl. Objections at 7-8, Dkt. No. 69.) Judge Lowe correctly found that these allegations were not enough to establish personal involvement. (*See* R&R at 11-12, Dkt. No. 67 (relying on *Joyner v. Greiner*, 195 F. Supp. 2d 500,

6

506 (S.D.N.Y. 2002), and *Watson v. McGinnis*, 964 F. Supp. 127, 130 (S.D.N.Y. 1997)).)  The court adopts these alternative findings.

## IV.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate JudgeLowe's Report-Recommendation Order (Dkt. No. 67) is **ADOPTED**, defendants' motion (Dkt. No. 62) is **GRANTED**, and Darvie's claims are **DISMISSED**; and it is further

**ORDERED** that the Clerk provide copies of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

September 15, 2010
Albany, New York

United States District Court Judge